[Civ. No. 10011.   First Appellate District, Division Two.—January 31, 1936.]

GUSTAVE A. RENNER et al., Respondents, v. EMELIA MEISSNER, etc., et al., Appellants.

Victor Ford Collins and Arnold M. Cannan for Appellants.

L. V. Beaulieu for Respondents.

NOURSE, P. J.—Plaintiffs sued to foreclose a mortgage on real property executed by defendant Meissner. The defendants Ramsey, husband and wife, were joined upon allegations that they claimed some interest in the realty unknown to plaintiffs. At the trial a deficiency judgment was waived against Meissner, and a decree of foreclosure was entered.

The note was executed on May 12, 1925, payable on May 15, 1928. The complaint was filed ·October 6, 1933. It pleaded facts purporting to toll the running of the statute of limitations which was the only defense tendered by the defendants.

Though the respondents pleaded a written acknowledgment and extension of the indebtedness, this was found to be untrue.· What they rely on is an oral promise made by the mortgagor wherein she agreed to make quarterly payments if the mortgagees would not put her to the expense of making a new mortgage. The Ramseys are said to be purchasers after the statute had run, but without knowledge of these conversations.

Respondents place some stress on the paragraph of the mortgage which provides in case of default that the mortgagees "without limitation or restriction by any present or future law, shall have the absolute right, upon commencement of any judicial proceeding to enforce any right under this

mortgage, including foreclosure thereof, to appointment of a receiver . . . " The clear meaning of this language is that the mortgagees shall have the right to the appointment of a receiver for all purposes of any suit under the mortgage, notwithstanding the limitations of any laws relating to the appointment of receivers.

■ There is nothing in the record which discloses the interest of the Ramseys other than that they "took" with knowledge of the mortgage. Whether they were purchasers for value or with notice of some of the facts held to have estopped Meissner, whether they assumed the burden of the lien, or whether they "took" other than by purchase, the pleadings, the finding, and the evidence brought up in the bill of exceptions are all silent. The judgment as to them can, therefore, be of no force beyond the declaration that, whatever their interest may be, it is subsequent to the lien of the mortgage.

■ The judgment against the defendant Meissner is defended on the ground that she was estopped by her conduct from raising the defense of the statute, but no record has been prepared which would justify a review of the findings of fact upon which this conclusion is based. Hence, we should not be understood as holding that the facts appearing in the purported bill of exceptions are sufficient as a matter of law to support the conclusion that Meissner was estopped or that the interest of the Ramseys was subordinate to the lien of the mortgage by reason of the estoppel of Meissner. The purported bill of exceptions contains no exceptions whatever (Code Civ. Proc., sec. 650). Furthermore, it is obviously incomplete in setting forth the "proceedings". It contains a small amount of testimony and affirmatively states that this testimony was "in addition to the matters set forth in defendants' Bill of Exceptions". It fails, however, to set forth the contents of the so-called "defendants' Bill of Exceptions". ■ If the trial court refused to allow a proper bill of exceptions "in accordance with the facts", appellants had their remedy under section 652 of the Code of Civil Procedure. Having failed to present a record sufficient to warrant a reversal, this court must affirm the judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1936.